# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

November 21, 2016

Edward C. Gill, Esq.
Law Office of Edward C. Gill, & Associates
16 North Bedford Street
Georgetown, DE 19947

David C. Malatesta, Jr., Esq.
Kent & McBride, P.C.
824 North Market Street
Suite 805
Wilmington, DE 19801

Monica E. O'Neill, Esq.
Four Penn Center
1600 JFK Blvd., Suite 620
Philadelphia, PA 19103

> **RE:   *Robert Bangs v. Diana & Dawn Follin***
> ***K15C-05-008 JJC***

Dear Counsel:

Before the Court are three motions *in limine* filed by Defendants Diana Follin and Dawn Follin (hereinafter "Defendants"). This is a personal injury claim wherein Plaintiff Robert Bangs (hereinafter "Plaintiff") alleges injuries suffered after he fell through the floor in a property rented to the Plaintiff by the Defendants.

## Medical Bills

Defendants first move to preclude evidence and argument regarding any evidence of medical bills in excess of the amounts paid by Medicaid. Defendants cite *Stayton v. Delaware Health Corp.* for the premise that the collateral source rule does

not apply to write-offs of amounts in excess of the amounts paid by Medicaid.[1] Defendants argue that although *Stayton* applies to Medicare related write-offs, Medicaid write-offs are similarly excepted from the collateral source rule. In response, Plaintiff does not oppose the motion and stipulates to the inadmissibility of any amounts written-off from the actual billed amounts after payment of those bills by Medicaid. Namely, Plaintiff stipulates that only the amounts actually paid by Medicaid are admissible in evidence in support of claims for past medical expenses. Accordingly, pursuant to stipulation, Defendants' motion is granted. Plaintiff shall be precluded from offering evidence of the full value of medical bills paid by Medicaid, and shall be limited to boarding only those amounts paid by Medicaid.

## Evidence of Mold

Second, Defendants move to exclude evidence that mold was found within the unit. Plaintiff indicates he will seek to offer evidence regarding mold near the area of injury, and perhaps elsewhere. Plaintiff's offer of proof includes that the existence of mold circumstantially provides evidence of moisture, which in turn provides circumstantial evidence that the floor was weakened because of moisture. Defendant argues that the correlation between mold and an allegedly unreasonably unsafe floor should be barred from admission absent an expert opinion linking the mold to the allegedly unsafe defect in the floor.

Plaintiff counters that common knowledge, without the need for expert testimony, recognizes that mold accompanies moisture, and moisture degrades wood. Accordingly, Plaintiff argues that no expert testimony is necessary to make evidence of mold relevant. After discussion at the pretrial conference, the parties agreed that the

---

[1] 117 A.3d 521, 534 (Del. 2015).

2

Court should reserve decision on the admissibility of this evidence pending the evidentiary context that unfolds at trial. Accordingly, the Court will reserve decision regarding the admissibility of evidence of mold in the home at issue until trial.

## Mental Anguish and Emotional Harm

Lastly, Defendants move to exclude evidence regarding metal anguish and emotional harm. Defendants argue that absent expert psychological or psychiatric testimony, Defendants are unable to recover for mental anguish. Plaintiff proffers that he suffered physical injury, and that under Delaware law, mental anguish and pain and suffering are compensable elements of damages that automatically flow from physical injury without the need for expert testimony.

In support of this argument, Defendants cite the Delaware Supreme Court decision in *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*.[2] *Money*, however, is inapposite. Namely, it addresses the need for expert testimony to establish proximate cause of injury related to asbestos related exposure.[3] There, the Court held that a plaintiff must introduce expert medical testimony with respect to causation of asbestos-related diseases because such a linkage is not a matter of common knowledge.[4] Defendants cite no other authority for the proposition that expert testimony is a prerequisite for recovery for emotional harm and mental anguish when tortious conduct causes physical injury.

In Delaware, as provided elsewhere in black letter tort law, whenever a party's negligence is directly responsible for physical injury to another, the injured party may

---

[2] 596 A.2d 1372 (Del. 1991).

[3] *Id.* at 1376-1377.

[4] *Id.*

recover for actual physical injury and for concomitant mental and emotional pain and suffering that flows as a natural consequence of the wrongful act.[5] Both mental and physical pain and suffering may be recovered in a personal injury action where there is physical injury related to the tort, without the need for further expert testimony regarding mental anguish.[6] Accordingly, Defendants motion to preclude evidence and argument regarding mental pain and suffering is DENIED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[5] *See Roberts v. Delmarva Power & Light*, 2 A.3d 131, 142 (Del. 2009) (where the Delaware Supreme Court recognized the general common law rule providing that an element of damages based upon physical injury includes mental anguish and emotional distress); *see also Collins v. African Methodist Episcopal Zion Church*, 2006 WL 1579718, at *4 (Del Super. Mar. 31, 2006) (where the Court recognized that in cases involving alleged physical injury, expert testimony for emotional distress is only necessary if there is no expert testimony as to causation of the physical injury).

[6] *See Restatement(Second) of Torts* § 912 cmt.b. (1979) (where the Restatement discusses the need for certainty in establishing general damages for tortious conduct. Namely,
> [f]or harm to body, feelings, or reputation, compensatory damages reasonably proportioned to the intensity and duration of the harm can be awarded without proof of amount other than evidence of the nature of the harm. There is no direct correspondence between money and harm to the body, feelings or reputation. There is no market price for a scar or for loss of hearing since the damages are not measured by the amount for which one would be willing to suffer the harm. The discretion of the . . . jury determines the amount of recovery, the only standard being such an amount as a reasonable person would estimate as fair compensation. In these cases, the trier of fact can properly award . . . damages as compensation for harms that normally flow from the tortious injury even without specific proof of their existence, such as pain from a blow or humiliation from a scars.).

4